## THE UXMAL.

No. 863.

District Court, D. Massachusetts.

Dec. 21, 1942.

See, also, 40 F.Supp. 258.

222

A. F. Christiansen, of Boston, Mass., and Sol C. Berenholtz, of Baltimore, Md., for libelant.

Warner, Stackpole, Stetson & Bradlee, of Boston, Mass., for claimant.

Francisco Castillo Najera, Ambassador of Mexico, pro se, and R. J. Walsh, of Warner, Stackpole, Stetson & Bradlee), of Boston, Mass., appeared specially for Francisco Costillo Najera, Ambassador of Mexico.

HEALEY, District Judge.

 The libellant, a stevedore, was engaged on March 15, 1940, on the libelled ship, the Mexican S. S. Uxmal, as a "gang foreman" of stevedores, engaged in discharging a cargo of logs at Pier C, Pratt Street, in the Port of Baltimore. The winch, boom, block and other parts of the discharging gear were furnished by the vessel. The libellant was directing the discharge of a log, which was suspended from the boom, and about to be discharged, when the boom suddenly broke due to the defective condition of the boom. Libellant was struck by some part of the boom or block, and fell to the deck of the vessel. He was rendered unconscious for some period of time, the duration of which is not definitely established. As a result of the injury libellant received laceration of his scalp and a cerebral concussion. Within a few days following the injury, libellant began to have noises in his left ear. Within a month following the accident, his left ear showed definite signs of partial deafness. He has now lost 60% hearing in the left ear. This condition is permanent. I find that this was a proximate and natural result of the concussion he sustained when struck. Libellant also sustained a slight paralysis of the right side of his body for a short period of time.

Prior to his injury, libellant had a latent syphilitic condition. This condition became active at some time subsequent to the injury, and libellant is now to some extent incapacitated by, and suffering from, such condition. However, I find that this condition was in no way caused or activated by the injury. There is evidence that the libellant was permanently disabled from performing the work of a stevedore or other heavy work. But I find that this was caused by syphilis and not by his injury.

The libellant was, as a result of the accident, incapacitated from work for a period of approximately two months. He was confined to the hospital for four days. His testimony was that he was earning an average of approximately $40 a week at the time of the accident.

I find that he was partially and permanently incapacitated from light industrial work as a result of the partial deafness of his left ear.

### Conclusions

On the facts, counsel for the vessel has conceded that the vessel is liable. The Student, 4 Cir., 243 F. 807, certiorari denied 245 U.S. 658, 38 S.Ct. 14, 62 L.Ed. 534. Other cases.

Consequently, the only question to be decided is that of damages. The only damages which libellant can recover are those sustained as a proximate result of the accident. Libellant is entitled to recover for the laceration of his scalp, the cerebral concussion, the contusions he suffered, the deafness and the other injuries resulting from the accident. However, he is not entitled to recover for his syphilitic condition or any incapacity or suffering resulting therefrom. I feel that $2,500 is fair, adequate and reasonable compensation for his injuries. I therefore, find for the libellant in the sum of $2,500.